IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Lawrence | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | No. |
| | ) | |
| Thomas Dart, Sheriff of Cook | ) | *(Jury Demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.  This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794(a)(2), and 28 U.S.C. §1343.

2.  Plaintiff Christopher Lawrence is a disabled resident of the Northern District of Illinois.  Plaintiff is not currently confined in any jail or prison.

3.  At all times relevant, plaintiff has been an above the knee left leg amputee. Plaintiff requires a prosthetic leg to walk; plaintiff requires crutches on those occasions when, because of pain, he is unable to wear his prosthetic leg.

4. Defendant Thomas Dart is Sheriff of Cook County; plaintiff sues Dart individually and in his official capacity.

5. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6. Plaintiff was detained at the Cook County Jail from on or about January 16, 2012 to February 1, 2012 and again from on or about January 20, 2013 to March 10, 2013.

7. On each of the above referred occasions, plaintiff entered the jail wearing his prosthetic left leg and, while being processed into the jail, plaintiff informed intake personnel of his disability. On each occasion, medical personnel employed by defendant Cook County examined plaintiff and verified that he required his prosthetic limb in order to walk and crutches for those times when, because of pain, plaintiff could not wear his prosthetic limb.

8. On each of the above referred occasions, in accordance with the official policies of defendant Dart, a correctional officer made the final decision of whether plaintiff would be assigned to a first floor "ADA" compliant housing unit or assigned to a housing unit which required him to walk up and down stairs and which did not provide handicap accessible toilet, sink, and shower facilities.

-2-

9. In 2011, defendant Dart learned through a case known as *Phipps v. Sheriff of Cook County*, 07-cv-3889, that the correctional officers in charge of determining housing assignments for wheelchair bound detainees did not consider whether a particular housing assignment provided a reasonable accommodation for the detainee's disability. Dart adopted a revised policy for assignments of wheelchair bound detainees in response to the *Phipps* litigation; Dart failed to adopt an assignment policy for persons, like plaintiff, who could not safely walk up and down stairs and who required assignment to a first floor housing unit and access to ADA compliant shower and toilet facilities.

## INTAKE OF JANUARY, 2012

10. As a direct and proximate result of Dart's deliberate indifference and refusal to adopt a housing policy for a person, like plaintiff, whose disabilities required assignment to a first floor housing unit, plaintiff was assigned to a second floor housing unit upon his entry to the Jail in January of 2012.

11. As a consequence of being assigned to a second floor housing unit, plaintiff was required to walk up and down stairs several times a day in order to take part in jail programs which took place on the first floor, such as obtaining food, medication, and clean clothing.

12. At all times relevant, plaintiff has been unable to walk up and down stairs without experiencing difficulty, fatigue, pain, and fear of falling and receiving serious personal injury.

13. Upon first learning that he was being assigned to a second floor housing unit within the Jail, plaintiff unsuccessfully complained to correctional officers that he could not safely walk up and down stairs because of his disability and requested reassignment to a first floor housing unit.

14. After his initial request for reassignment to a first floor housing unit was ignored, plaintiff continued to complain about his improper assignment and to request reassignment to a first floor housing unit.

15. On January 18, 2012, Plaintiff received serious personal injuries when he fell down a flight of stairs while walking from his second floor housing unit to the ground floor to take part in the program or service of meal distribution. These injuries included left hip and left wrist trauma, and physical pain and suffering which required medical treatment.

## INTAKE OF JANUARY, 2013

16. Plaintiff was readmitted to the Jail in January of 2013, and, in accordance with the policies described above, was assigned to Division 10 of the Jail.

17. At all times relevant, Division 10 did not have "ADA" compliant shower and toilet facilities.

18. Plaintiff must remove his prosthetic leg in order to shower; the shower facilities available to plaintiff in Division 10 did not provide grab bars or a shower chair and required plaintiff to balance on one leg while showering.

19. The absence of grab bars and a shower chair made it difficult for plaintiff to shower safely and caused plaintiff to experience difficulty, fatigue, pain, and anxiety while engaging in this Jail program.

20. At all times relevant, defendant Dart's official policies of vested correctional officers with the power to refuse to permit detainees access to crutches while in their housing units. As a result of this policy, correctional officers did not permit plaintiff to use his crutches while in the "day room" of his Division Ten housing assignment.

21. As a result of the foregoing, plaintiff was forced to hop on one foot when moving about the day room on those days when he was unable to wear his prosthesis.

22. On or about February 25, 2013, Plaintiff received serious personal injuries when he fell while hopping without his crutches in an

attempt to use to the non-ADA compliant toilet facilities in his housing unit.

23. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth and Eight Amendments to the Constitution of the United States, and was unlawfully discriminated against in violation of § 202 of the Americans with Disabilities Act of 1990 (ADA) and § 504 of the Rehabilitation Act of 1973.

24. Plaintiff hereby demands trial by jury.

WHEREFORE, the Plaintiff request that Judgment be entered in his favor in an amount in excess of one hundred thousand dollars, plus attorney fees and costs, against the Defendants.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 830399
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 427-3200

Neil L. Toppel
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 663-9500

*Attorneys for Plaintiff*