IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | No. 13 C 2053 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| THOMAS DART, Sheriff of Cook County, and ) | |
| COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION AND ORDER**

Plaintiff, Christopher Lawrence, has brought a single count complaint against defendants Thomas Dart, individually and in his official capacity as Sheriff of Cook County, Illinois, and Cook County, Illinois ("defendants") under 42 U.S.C. §1983, alleging that defendants violated his constitutional and statutory rights under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and the Fourteenth and Eighth Amendments to the United States Constitution. Defendants have moved to dismiss the §1983 claims. For the reasons that follow, defendants' motion is denied.

### **FACTS**[1]

Plaintiff, an above-the-knee amputee who requires a prosthetic leg to walk, was a pre-trial detainee at the Cook County Jail on two occasions. Despite his visible disability and his repeated requests for ADA compliant housing, each time he was detained he was assigned to a

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

second floor unit which required him to walk up and down stairs. Additionally, he was not provided with handicap accessible shower facilities. As a result of these policies, plaintiff alleges that he suffered serious personal injuries from two falls. The first incident occurred when plaintiff attempted to walk down the stairs from his second floor unit. The second occurred when he tried to use the toilet facilities without his prosthetic leg (he claims he was not allowed to use crutches).

Plaintiff alleges that his injuries were the direct result of defendant Dart's official policies. Following Phipps v. Sheriff of Cook County, 681 F. Supp. 2d 899 (N.D. Ill. 2009), Dart learned that the correctional officers in charge of housing assignments were not providing reasonable housing accommodations to wheelchair bound inmates. After Phipps, Dart revised the housing policy for these inmates but not for others, like plaintiff, who because of visible disabilities could not safely walk up or down stairs. According to plaintiff, this demonstrates that Dart was deliberately indifferent to amputee inmates. Plaintiff also alleges that Dart's official policies allowed correctional officers to prevent him from using crutches in the toilet facilities.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To provide the defendants with "fair notice of what the claim is and the grounds upon which it rests," the complaint must provide "a short and plain statement of

the claim showing that the pleader is entitled to relief." Id. at 555 (quoting Fed.R.Civ.P. 8(a)(2)). In addition, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555.

## OFFICIAL CAPACITY CLAIM

To establish an official capacity claim under §1983, plaintiff must first show that he suffered a constitutional injury. Pre-trial detainees like plaintiff are protected from cruel and unusual punishment through the Fourteenth Amendment. King v. Kramer, 680 F.3d 1013, 1017 (7th Cir. 2012). Plaintiff must demonstrate both that he had an "objectively serious medical need" and that jail officials were "aware of this serious medical need and were deliberately indifferent to it." Id. at 1018. Finally, plaintiff must show that the unconstitutional acts of the officials are part of "an official custom or policy." Id. at 1020 (citing Monell v. Department of Social Services, 436 U.S. 658, 690 (1978)).

Defendants first argue that plaintiff has alleged only a denial of ADA housing and accommodations rather than a constitutional violation. Stevens v. Ill. Dept. Of Transp. 210 F.3d 732, 738 (7th Cir. 2000). To establish his Eighth Amendment claim, plaintiff must allege facts to suggest that defendants subjected him to "the wanton and unnecessary infliction of pain." Gruenberg v. Gempeler, 697 F.3d 573, 579 (7th Cir. 2012) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Plaintiff alleges that he was frequently forced to walk up and down stairs while experiencing fatigue, pain, and fear of falling and injury. Despite his frequent warnings to prison officials, he eventually did suffer such injuries. These allegations sufficiently allege a constitutional claim.

As for the other §1983 requirements, it is beyond dispute that plaintiff's medical condition is serious. Plaintiff's disability is manifestly obvious, and his repeated requests to prison officials demonstrate that they had actual notice of his disability and the danger he faced attempting to walk without his prosthesis. This series of requests, beyond the two accidents themselves, also provides evidence (at least beyond the speculative level) that the prison had a sufficiently widespread custom or policy of providing inadequate accommodations to amputee inmates.

Defendants insist that plaintiff fails to show a causal connection between the alleged deliberately indifferent policy (the Phipps policy) and plaintiff's injuries. However, as in King, "If the County is 'faced with actual or constructive knowledge that its agents will probably violate constitutional rights, [it] may not adopt a policy of inaction.'" King, 680 F.3d at 1021 (citing Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004)). This is precisely what plaintiff alleges—not that he was harmed by the Phipps policy itself, but rather that defendants, after being made aware of the similar dangers facing wheelchair-amputees following Phipps, were deliberately indifferent to amputee-inmates.

## INDIVIDUAL CAPACITY CLAIM

An individual cannot be held liable in a § 1983 claim unless he caused or participated in the alleged constitutional deprivation. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1983). Even without direct participation, however, supervisors may be liable if they "know about the conduct, and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act knowingly or with deliberate, reckless indifference." Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir. 1998). Thus the

4

defendant may be personally liable if he devised a "deliberately indifferent policy." <u>Armstrong v. Squadrito</u>, 152 F.3d 564, 581 (7th Cir. 1998).

Dart argues that the individual capacity claims should be dismissed because the complaint fails to allege any facts indicating Dart's personal involvement in plaintiff's circumstances or actual knowledge of them. As noted above, plaintiff does claim that Dart failed to correct the deliberately indifferent policy that caused his injury. It is at least plausible given the <u>Phipps</u>-revision that Dart was aware of this policy and yet did nothing to address it as it affected amputee-inmates, in essence turning a "blind eye" to them. Allegations showing Dart's actual notice of the policy, combined with his failure to correct it, are sufficient to establish an individual capacity claim. <u>Gentry v. Duckworth</u>, 65 F.3d 555, 561 (7th Cir. 1995).

Moreover, Dart has raised this exact argument before in <u>Whisby v. Dart</u>, 1:12-CV-08637 (N.D. Ill. 2013) (Bucklo, J.). In that case, the court denied Dart's motion to dismiss an individual capacity claim following injuries sustained by another amputee inmate at the Cook County Jail. The court rejected Dart's argument that the complaint lacked facts alleging his personal involvement, holding instead that it was sufficient that the plaintiff alleged that Dart failed to correct a deliberately indifferent policy and turned a blind eye to the plaintiff after <u>Phipps</u>. This court agrees with the reasoning of <u>Whisby</u>.

Because plaintiff adequately alleges facts to plausibly suggest that Dart might be liable in both his individual and official capacities, defendant's motion to dismiss (Doc. 14) is denied.

**ENTER:** July 12, 2013

*Robert W. Gettleman*

**Robert W. Gettleman**
**United States District Judge**